**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **PETER CHAVEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIV-03-824-R** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**O R D E R**

Before the Court is the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered March 21, 2005. Also before the Court is Plaintiff's Objection to the Report and Recommendation filed April 11, 2005. The Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

The Magistrate Judge correctly concluded that the Court does not have subject matter jurisdiction over the Commissioner's decision denying Plaintiff's application for disability insurance benefits because Plaintiff did not receive a hearing before an Administrative Law Judge. *See* 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192, 201 (1977); *Weinberger v. Salfi*, 422 U.S. 749, 763-64, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); 20 C.F.R. § 404.900(a)(5) & (b). Additionally, the Magistrate Judge correctly concluded that the Court is without jurisdiction to review the discretionary denial of an extension of time in which to seek a hearing before the Administrative Law Judge and/or of a motion to reopen. *See Califano v. Sanders*, 430 U.S. 99, 107-09, 97 S.Ct. 980,

51 L.Ed.2d 192, __ (1977); *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001); 20 C.F.R. § 404.903(j). Likewise, the Magistrate Judge correctly recognized that there are circumstances in which the Court does have subject matter jurisdiction in the absence of a final decision under 42 U.S.C. § 405(g), *citing Sanders, supra*, 430 U.S. at 108-09 and *Blair v. Apfel*, 229 F.3d 1294, 1295 (10th Cir. 2000), *see* Report and Recommendation at p. 6, but stated that the Plaintiff had not argued the applicability of that exception. *Id.* Plaintiff, in his Objection, argues that the exception applies, that is, that Plaintiff has asserted a colorable constitutional claim that the Commissioner's dismissal of Plaintiff's request for reopening and request for hearing, *see* Exhibits "3," "4" and "5" to Plaintiff's Response to Defendant's Objection to Plaintiff's Motion to Remand and Defendant's Opposed Motion to Dismiss Complaint, violated Plaintiff's due process right to an opportunity to be heard.

In particular, Plaintiff asserts that in his request for reopening Plaintiff asserted that he had a mental impairment that prevented him from fully understanding and protecting his legal rights in the administrative process and offered additional medical evidence to support his assertion of mental impairment. He further asserts that the ALJ, in dismissing his request for reopening and/or request for hearing (which he implies should have been treated together as a request for an extension of time to request a hearing pursuant to 20 C.F.R. § 404.933(c)) did not consider whether there was "good cause" for extending the time for Plaintiff to request a hearing before an Administrative Law Judge, which Plaintiff asserts that he demonstrated. In this regard, Plaintiff asserts that the ALJ failed to comply with the

2

applicable regulations and SSR 91-5p, 1991 WL 208067, in rendering his decision dismissing Plaintiff's request for a hearing and denying Plaintiff's request to reopen.

The Court first observes that Plaintiff in his Complaint herein alleges that "[t]he Administrative Law Judge failed to give the Claimant his day in Court as is afforded by the Constitution of the United States" by dismissing Claimant's request for hearing. *See* Complaint at IV. Plaintiff in his Request for Reopening dated January 15, 2003 stated his "reasons for reopening . . . consist of the fact that the claimant suffers from a mental impairment and lacks sufficient mental competence to understand and protect his legal rights." Exhibit "3" to Plaintiff's Response to Defendant's Objection to Plaintiff's Motion to Remand and Defendant's Opposed Motion to Dismiss Complaint. Plaintiff also filed a Request for Hearing by Administrative Law Judge dated January 27, 2003 in which he indicated he had received treatment for his stroke, hypertension and depression since the date of the decision denying him benefits. *Id.* at Exhibit "4." On February 27, 2003, the ALJ entered an Order of Dismissal, dismissing Plaintiff's request for a hearing, finding "the request for hearing untimely, accordingly, there is no good cause to extend the time for filing." *Id.* at Exhibit "5."

The relevant regulation provide that a claimant may request an extension of time to request a hearing before an administrative law judge, which request must give the reasons why the request for a hearing was not filed timely. 20 C.F.R. § 404.933(c). The regulation further provides that "[i]f you show that you had good cause for missing the deadline, the time period will be extended" and that whether good cause exists is determined in accordance

with the standards set forth in 20 C.F.R. § 404.911.  *Id.*  Section 404.911(a) provides that whether good cause for missing a deadline exists will be determined by considering, *inter alia*, what circumstances kept a claimant from making a timely request and whether the claimant had any physical, mental, educational or linguistic limitations which prevented him/her from filing a timely request or from understanding or knowing about the need to file a timely request for review.  *See* 20 C.F.R. § 404.911(a)(1) & (4).  *See also* SSR 91-5p.

"Where a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim."  *Udd v. Massanari*, 245 F.3d at 1099, *citing Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997).  Plaintiff herein was represented by counsel when he filed his Request to Reopen and Request for Hearing. However, the Ninth Circuit has held that the "lack of representation by counsel is not required to state a colorable constitutional claim."  *Id.*, 245 F.3d at 1099 n. 3, *citing Evans v. Chater*, 110 F.3d at 1484 (Schwarzer, J., concurring).  Applying this standard, the Court concludes that Plaintiff has asserted a colorable constitutional claim that he was denied an opportunity to be heard by the ALJ's failure to treat his request to reopen and request for hearing together as a request for an extension of time to file a request for hearing before an administrative law judge on his benefits claim (i.e., by the ALJ's dismissal of his request for hearing and the ALJ's failure to consider whether Plaintiff had shown good cause existed for missing the deadline for requesting a hearing before the ALJ on his benefits claim). Accordingly, the Court concludes that it has subject jurisdiction over Plaintiff's claim, denies

4

Defendant's motion to dismiss and remands this case to the Commissioner for a determination as to whether Plaintiff had good cause for failing to timely request a hearing before the administrative law judge on his disability insurance benefits claim.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in part and VACATED in part, consistent with the foregoing; Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED; Plaintiff's motion to remand is DENIED as moot; and this case is REMANDED to the Commissioner for a determination as to whether Plaintiff had good cause for failing to timely request a hearing before an ALJ on his benefits claim and is entitled to an extension of time to file the request for hearing, and any further proceedings as necessary.

**IT IS SO ORDERED this 20th day of April, 2005.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE